IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARYANN PETRI, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-00243 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| ERIE COUNTY CHILDREN AND | ) | UNITED STATES MAGISTRATE JUDGE |
| YOUTH, TINA TROHOSKE | ) | |
| AMY DALEY, RALPH FERRIS, | ) | |
| | ) | MEMORANDUM OPINION AND |
| Defendants | ) | ORDER ON DEFENDANTS' |
| | ) | MOTIONS TO DISMISS |
| | ) | |
| | ) | ECF NO. 20 |
| | ) | ECF NO. 29 |
| | ) | |
| | ) | |

I.     Introduction

Before the Court are two motions to dismiss filed by the Defendants in this action.  Pro Se Plaintiff Maryann Petri (Petri) has filed a Complaint alleging violations of federal and state law by the Erie County Office of Children and Youth (Erie County or OCY) and two of its employees, Tina Trohoske and Amy Daley (collectively, the OCY Defendants).  She has also sued her former husband, Ralph A. Ferris (Ferris), who has custody of their children.  For the reasons that follow, the motions to dismiss will be **GRANTED**.[1]

II.    Procedural History

Petri began this civil rights action by filing a motion for leave to proceed *in forma pauperis* on August 26, 2019.  *See* ECF No. 1.  The Court granted the motion for IFP and docketed her Complaint on the same day.  ECF No. 4; ECF No. 5.  Petri drafted her Complaint using the publicly

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in this case.  *See* ECF Nos. 13, 14, and 43.

1

available form complaint (Pro Se 1, revised 12/16). ECF No. 5. *See, e.g., Smith v. Dunn*, et al., 2020 WL 3317947, at *1 (W.D. Pa. Apr. 3, 2020), *report and recommendation adopted*, 2020 WL 3316919 (W.D. Pa. June 18, 2020).[2] In completing the form complaint, Petri identified a federal question as the basis for this Court's jurisdiction over her claims but did not specify the federal question or questions she is raising, leaving that section of the form blank. But she did file two addenda in support of her motion for leave to proceed *in forma pauperis*, one of which contains "additional information to establish validity of claim."[3] ECF No. 2. The Court will also consider the information set forth in this addendum in determining the sufficiency of her Complaint. *See, e.g., Patterson v. Chester Police*, 2019 WL 265135, at *3 (E.D. Pa. Jan. 18, 2019) (relying on plaintiff's addendum to the form complaint to identify defendants).

Petri appears to allege state law claims of defamation, fraud, and intentional infliction of emotional distress as well as violations of her Fourth, Eighth, and Fourteenth Amendment rights under the Constitution. ECF No. 2, p. 9. She contends that "due to false, fraudulent, back to back accusations within 4 days of each other" by the Defendants, she lost her career, forfeited her Registered Nurse's license, surrendered custody of her children, and was stripped of her good reputation. ECF No. 5, p. 5.

The OCY Defendants moved to dismiss her Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment under Rule 56 and filed a brief in support of their motion.[4] ECF No. 20; ECF No. 21. In response, Petri

---

[2] Petri then moved to "Disqualify Opposing Counsel for Conflict of Interest" on November 4, 2019, which the Court denied as frivolous on the same day. ECF Nos. 17, 18.

[3] The other addendum contains financial information more appropriate to her motion for IFP status. *See* ECF No. 3.

[4] This Court will consider the motion only to the extent it seeks dismissal pursuant to Fed. R Civ. P. 12(b)(6) and will decline to consider materials beyond the face of the Complaint and analyze the motion under the summary judgment standard of Fed. R Civ. P. 56. Although the Court may convert a motion to dismiss to a motion for summary judgment, it need not do so, particularly where a complaint does not survive under the motion to dismiss standard. If a complaint cannot survive a motion to dismiss, there is no need to consider materials beyond the face of the complaint and convert

moved to "Disqualify Opposing Counsel for Conflict of Interest," which the Court again denied the next day on November 20, 2019.  ECF Nos. 23, 24.  When Defendant Ferris failed to respond to the Complaint within the time allotted by applicable rules, Petri filed a motion on December 12, 2019 requesting that the Court order Ferris to show cause why a default judgment should not be entered against him.  ECF No. 26.  The Court granted this motion on January 7, 2020.  ECF No. 27.

After the Court granted Ferris leave to respond *nunc pro tunc*, he filed a motion to dismiss the claims against him for lack of jurisdiction and a brief in support of his motion.  *See* ECF Nos. 28-32.  Petri, once again, moved to disqualify opposing counsel for a conflict of interest along with a Motion for Contempt and a Motion for Judgment on January 27, 2020.  The Court denied these motions on January 28, 2020.  ECF Nos. 34-37.  She then filed a Response in opposition to the motions to dismiss.  ECF No. 45.  The Defendants' motions are now ready for disposition.

III.     Legal Standards

    A.     Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not deciding whether a plaintiff is likely to prevail on the merits; instead, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

---

the motion to one for summary judgment. Here, this Court has not considered any material provided by the Defendants beyond Plaintiff's Complaint. *See for example: Carver v. Plyer*, 115 Fed. Appx. 532 (3d Cir. 2004); *Bennett v. Spear*, 520 U.S. 154, 168, 117 S. Ct. 1154, 1164, 137 L. Ed. 2d 281 (1997); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992); *Rose v. Bartle*, 871 F.2d 331, 341 (3d Cir. 1989); *Clark v. Sherman*, No. CA 08-95, 2009 WL 57085 (W.D. Pa. Jan. 8, 2009); *DIRECTV, Inc. v. Rodkey*, 369 F. Supp. 2d 587 (W.D. Pa. 2005), and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977).

2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff in making this determination. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

      B.      Pro Se Litigants

For purposes of a motion to dismiss, a court must employ less stringent standards in considering pro se pleadings than when judging the work product of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  Finally, the United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile."  515 F.3d 224, 245 (3d Cir. 2008).

IV.     Discussion

      A.      Factual Background

Taking Petri's allegations as true, this dispute arose in 2014 when Defendant Trohoske initiated a report indicating suspected emotional abuse by Petri against her daughter.[5]  ECF No. 2, p. 2.  *See also Ferris v. Petri*, 2017 WL 6603480, at *1 (Pa. Super. Ct. Dec. 27, 2017).  As a result of this

---

[5] *See* 23 Pa. C.S. § 6303(a) (defining an "indication report" as "a report of child abuse made pursuant to this chapter if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on ... the child protective service investigation.").  *See also Commonwealth v. Kane*, 2020 WL 2781553, at *8 (Pa. Super. Ct. May 28, 2020).

charge, Petri was "placed on suspension" from her position as an emergency room nurse. *Id.* She also lost custody of her children and her former husband sought child support. *Id.* at p. 3. The charges against her were later expunged. *Id.* A second charge was then filed against Petri for her purported treatment of her son. *Id.* These charges prevented her from getting required clearances and her job at a local hospital was terminated. *Id.*, p. 4. Even though the abuse indications against her were later expunged, Petri claims that she was unable to return to work as a result. *Id.* She likewise failed to re-secure joint custody of her children. *Id.* A previous award of child support against her was later adjusted. *Id.*, p. 5. As a result of the litigation in state court, Petri suffered mental and physical injuries, as well as the loss of her nursing licenses. *Id.*

   B.  Defendant Ferris' motion to dismiss for a lack of jurisdiction will be granted.

Defendant Ferris has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the claims against him for lack of jurisdiction. ECF No. 29. That motion will be granted, with prejudice.

A federal district court's subject matter jurisdiction is typically based on federal question jurisdiction or diversity jurisdiction. Diversity jurisdiction does not apply here, as all parties are citizens of Pennsylvania. Instead, Petri's Complaint invokes this Court's federal question subject matter jurisdiction, which applies when the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Petri's claims against Ferris include a civil rights claim under 42 U.S.C. § 1983. This claim against Ferris is viable, however, only if he is a "state actor" for the purposes of a § 1983. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Only a state actor can act "under color of law," and the courts consider "actions 'under color of law' as the equivalent of 'state action' under the Fourteenth Amendment." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). But where a defendant is a private citizen rather than a state actor, a § 1983 claim must fail. *Johnson v. Talton*, 2018 WL 1427086, at *3 (W.D. Pa. Mar. 22, 2018).

There are three ways a private individual's actions could be fairly attributed to the State: first, where the private entity has exercised powers that are traditionally the exclusive prerogative of the state; second where the private party has acted with help from or in concert with state officials; or third, where the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal citations omitted). None of these apply to Defendant Ferris.

Ferris is the plaintiff's former husband and father of the children involved in the custody dispute. Petri alleges that Ferris made "false allegations" to the OCY defendants, on which they relied on to violate Petri's constitutional rights. ECF No. 2, p. 8. This is the extent of Petri's claims against Ferris. No factual allegation claims that Ferris "exercised powers that are traditionally the exclusive prerogative of the state," "acted with the help of or in concert with state officials," or was so intertwined with the OCY defendants as to become a "joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Ferris is thus a private citizen, and the Section 1983 claim against him must be dismissed. Further, to the extent Petri is asserting a state law claim or claims against Ferris, she may do so only if an independent basis for subject matter jurisdiction exists as to her claims against Ferris. *See Lindsay v. Kvortek*, 865 F. Supp. 264, 275 (W.D. Pa. 1994); *Steco, Inc. v. S & T Mfg., Inc.*, 745 F. Supp. 305, 310 (E.D. Pa. 1990) (holding that while the district court may exercise supplemental jurisdiction over pendant state law claims, this does not extend to claims against a defendant concerning which the court has no independent basis for subject matter jurisdiction). Here, no such basis exists.

District courts generally must allow a pro se plaintiff such as Petri leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. Appx. 87, 88 (3d Cir. 2015) (citing *Grayson v. Mayview State Hosp.* 293 F.3d 103, 108 (3d Cir. 2002)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original

[pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed Appx. 88, 95 (3d Cir. 2015) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). As explained above, Petri's federal law claims against Ferris will be dismissed with prejudice as any attempt at amendment would be futile. And although the Court offers no assessment of the viability of Petri's state law claim against Ferris, this Court lacks subject matter jurisdiction as to such claims and, even if an independent basis for subject matter jurisdiction were to exist, considerations of comity and judicial efficiency weigh against this Court exercising supplemental jurisdiction over those state law claims.

      C.      OCY Defendants' Motion to Dismiss will be granted.

The OCY Defendants have also moved to dismiss Petri's Complaint. *See* ECF No. 20. The Court will grant their motion as well.

Petri has sued these Defendants under 42 U.S.C. § 1983, which affords a remedy for certain violations of constitutional and other federally secured rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Defendants argue that Erie County OCY is not a "person" amenable to suit under 42 U.S.C. § 1983. ECF No. 21, p. 10. This argument might have merit if the Court were to construe the Complaint as suing an office or department of the County of Erie. But the Court does not read the Complaint so narrowly. Although the Complaint names the "Erie County Children &

Youth," it sufficiently identifies the County as the defendant, particularly in light of Petri's pro se status. Although the County's liability cannot be based upon respondeat superior or vicarious liability, it is a "person" for purposes of § 1983 and can face liability under that statute where its own policies or customs cause constitutional injury.[6] *See Monell*, 436 U.S. 658 at 690 (municipalities and other local governmental entities may also be held liable as "persons" as the term is used in § 1983). *See also Weber v. Erie Cty.*, 2019 WL 5746204, at *2 (W.D. Pa. Nov. 5, 2019); *Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery Cty.*, 649 Fed. Appx 178, 180 (3d Cir. 2016); *Robins v. Coll*, 523 Fed. Appx 854, 856 (3d Cir. 2013); *Brownlee v. Monroe Cty. CYS*, 2020 WL 2735359, at *1 n.3 (M.D. Pa. May 26, 2020).

Having determined that the County is a "person" subject to suit under §1983, the question remains whether the allegations of Petri's Complaint's state a claim under *Monell*. They do not. Specifically, the Complaint fails to allege facts to support that the County maintained policies or customs that caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Petri "must identify [the] custom or policy and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline ... [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 101 (3d Cir., 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the

---

[6] Additionally, the case law under Section 1983 uniformly holds that the proper defendant is the municipality itself, not the division or subunit. *See, e.g.*, *Jackson v. City of Erie Police Dep't*, 570 Fed. Appx 112, 114 (3d Cir. 2014) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted). *See also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Stasko v. Lebanon Cty. Drug Task Force*, 2012 WL 6561726, at *10 (M.D. Pa. Dec. 17, 2012) ("Lebanon County Drug Task Force is [not] a person amenable to suit under Section 1983 ....")

situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Petri's Complaint has not identified a policy or custom of the County that led to an alleged violation of her constitutional rights or pled a basis for concluding that municipal failures amounted to deliberate indifference. These omissions are fatal to her claims. *See B.S. v. Somerset Cty.,* 704 F.3d 250, 274 (3d Cir. 2013) ("With respect to municipalities such as the County, [the] inquiry turns on whether the due process violation was a result of the County's 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.' "). Thus, to the extent that she seeks to raise one, Petri's claim for municipal liability will be dismissed.

Petri has also sued Defendants Trohoske and Daley, alleging that they did not conduct "proper investigations" before launching an "indication of abuse" against her on two occasions.[7] ECF No. 2, p. 9. She specifically faults them for relying only on information provided by her former husband and the children's father. *Id.* Her Complaint points out that these reports of abuse were later "expunged." *Id.* She claims that the Defendants' actions violated her rights under "the Fourteenth Amendment of equal protection of the law and depriving of the right to liberty and

---

[7] The Complaint does not indicate whether Petri is suing these Defendants in their official or individual capacities. If Petri is suing Trohoske and Daily in their official capacities, those claims are redundant with her claims against the County and subject to dismissal on the same grounds as those against the County. *O'Bryan v. N.J. Div. of Child Protection and Permanency*, 2020 WL 3250975, *3 (3d Cir., June 16, 2020) (*citing Pa. Fed'n of Sportsmen's Clubs, Inc., v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002)).

justice for all."[8] *Id.*, p. 13, ¶ 5. The Defendants have raised several bases for dismissing these claims.[9]

Petri's Complaint raises Fourteenth Amendment due process claims against these Defendants.[10] The Court understands Petri's assertions against Trohoske and Daley to be based predominately on their investigation of the alleged abuse—an investigation she claims was improper, negligently conducted, and based only on information provided by her former husband. *See* ECF No. 2, p. 9, ¶ 4. *See* ECF No. 2, p. 9. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. This Clause has both a procedural and substantive component. *Matthews v. Eldridge,* 424 U.S. 319, 96 S. Ct. 893 (1976). The procedural component of the Clause requires the state to provide an adequate level of process—notice and an opportunity to heard—before depriving persons of a protected interest. *Id.*; *see also Mammaro v. N.J. Div. of Child Protection and Permanency*, 814 F.3d 164,

---

[8] Petri also references violations of the First, Fourth and Eighth Amendments, but provides no factual allegations to support claims under those provisions. Such mere mentions are manifestly insufficient to provide sufficient notice that Petri intends to claim violations of these constitutional amendments. Thus, any attempt to state a claim based on these Amendments fails. *See, e.g.*, *Hunter v. Dist. of Columbia*, 534 F. Supp. 2d 70, 71 (D.D.C. 2008) ("[I]t is clear that mere references to statutes in a complaint without any allegations as to how these statutes were violated cannot meet even Rule 8's liberal requirement of 'a short and plain statement of the claim showing the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). *See also Ctr. for Wildlife Ethics, Inc. v. Clark*, 325 F. Supp. 3d 911, 915 (N.D. Ind. 2018) (collecting cases).

[9] Among other defenses and arguments, Trohoske and Daley assert that they are entitled to qualified immunity for their actions. Despite the admonition that questions of immunity should be resolved "at the earliest possible stage in litigation," the Third Circuit has cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2009); *Newland v. Reehorst*, 328 Fed. Appx. 788, 791 n.3 (3d Cir. 2009). Given that the Court will dismiss on alternative grounds, no discussion of qualified immunity is necessary at this time.

[10] Despite Petri's invocation of "equal protection," the Court does not construe her Complaint to raise such a claim against these Defendants. Among other things, "[w]hen stating an equal protection claim, a plaintiff must first show that he has been treated differently from similarly situated individuals." *Bailey v. Jurnak*, 2019 WL 2488035, at *6 (M.D. Pa. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 995796 (M.D. Pa. Feb. 28, 2019) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Petri does plead anything remotely showing that she has been treated differently from similarly situated individuals and thus the Court will not construe her claim as one raising an equal protection violation.

169 (3d Cir. 2016). The substantive component "limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." *Id.* (quoting *Boyanski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000).

To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law. *Camp v. Allegheny Cty. Dist. Attorney's Office*, 2020 WL 2747472, at *5 (W.D. Pa. May 27, 2020) (citing *Osborne*, 557 U.S. at 67-70; *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)). Petri has not alleged that any of the procedures underlying the state court custody dispute or the adjudication of the abuse report against her were constitutionally deficient. Thus, she has failed to state a procedural due process claim.

To state a substantive due process claim, Petri must show that Trohoske and Daley abused their power in an arbitrary manner which "shocks the conscience." *Id.* (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-48, 118 S. Ct. 1708, 140 L. Ed.2d 1043 (1998)). Petri alleges an arbitrary interference with her right to parent her children. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 147 L. Ed.2d 49 (2000). Again, however, she has failed to state a claim.

Parents have "constitutionally protected liberty interests" in the "custody, care and management of their children." *Croft v. Westmoreland Cty. Children & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997). But here, Petri has failed to show that the state action depriving her of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)). Even considered in the light most favorable to Petri, her claims do not rise to this level.

What counts as "conscience shocking" is not always clear.  *See Siefert v. Hamilton Cty.*, 951 F.3d 753, 766 (6th Cir. 2020) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[T]he measure of what is conscience shocking is no calibrated yard stick."). *See also Fetterman v. Westmoreland Cty. Children's Bureau*, No. 2:15-CV-773, 2015 WL 5007952, at *6 (W.D. Pa. Aug. 20, 2015) (citing *Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir.2006) ("The measure of what shocks the conscience is a legal question and there is no clear, calibrated standard").  What is clear, however, is that when a social worker acts to separate parents from their children, "the standard of culpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'"  *Hatfield v. Berube*, 2017 WL 2559635, at *12 (W.D. Pa. June 13, 2017), *aff'd*, 714 Fed. Appx 99 (3d Cir. 2017) (quoting *Miller v. City of Phila.*, 174 F.3d 368, 373 (3d Cir. 1999)).

The facts, as pleaded, do not rise to the level of conscience-shocking actions.  Child protection agencies face difficult dilemmas in these situations and must balance the rights of both children and parents.  *Fetterman*, 2015 WL 5007952, at *6.  Thus, "[t]o override the parental interest, the state must have some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse."  *Croft*, 103 F.3d at 1126.  Removal of a child from parental custody without reasonable suspicion to believe ongoing parental custody presents a threat to the child's health or safety constitutes an arbitrary abuse of government power. *Id.*  But it is not sufficient for Petri to baldly contend, in hindsight, that Trohoske and Daley "did not conduct a proper investigation and only provided information that was provided by the biological father."  ECF No. 2, p. 9.  Rather, Petri needs to allege facts sufficient to establish that their actions were so faulty that they shock the conscience.  For example, there has been no allegation that either Defendant acted despite having concrete knowledge that Ferris' information

was false.  Moreover, the allegations of the Complaint allege only negligence by the OCY Defendants.  *See id.* p. 10 ("Count 1: Negligence").  As a matter of law, these allegations of negligence fall far short of the "shock the conscience" standard necessary to state a claim.  *See, e.g.*, *Fetterman*, 2015 WL 5007952, at *7.

But because of her pro se status, Petri will be given leave to file an amended complaint to cure any deficiencies in her pleading as to the County, Trohoske and Daley.  Leave to amend should be liberally granted.  Indeed, if a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.2004) (emphasis added); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir.2002).  A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend.  *Id.*

Although the Court grants Petri this opportunity, any subsequent amendments will likely not be permitted.  If she chooses to file an amended complaint, it will be essential that it address the shortcomings previously discussed to ensure that the Amended Complaint contains sufficient factual allegations to render the claim(s) plausible in compliance with the pleading standard set forth and explained in *Twombly* and *Iqbal*, *supra*.

V.     Conclusion

In accordance with the foregoing, the Court will GRANT Defendant Ferris' motion to dismiss (ECF No. 29) and dismiss Petri's federal claims against him with prejudice.  Petri's state law claims against Ferris are dismissed without prejudice to her right to assert those claims in state court.  The Court will also GRANT the OCY Defendants' motion to dismiss (ECF No. 20).  The claims Erie County, Trohoske and Daley will be dismissed without prejudice and with Petri being granted leave to file an amended complaint as to these Defendants.  The Court will decline to exercise

supplemental jurisdiction over Petri's state law claims subject to its potential reconsideration in the event Petri files an amended complaint.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 17th day of July, 2020, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION TO DISMISS (ECF No. 29) filed by Defendant Ralph Ferris is GRANTED. Claims asserted against Ferris based on federal law are dismissed with prejudice. State law claims against Ferris are dismissed without prejudice. The motion to dismiss filed by the Erie County OCY Defendants (ECF No. 20) is GRANTED. The claims against Erie County, Trohoske and Daley are dismissed, without prejudice. On or before August 10, 2020, the Plaintiff may file an amended complaint against these Defendants. A failure to do so will result in dismissal of those claims, with prejudice. The Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims.

_____
RICHARD A. LANZILLO
United States Magistrate Judge