IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARYANN PETRI, | ) | Case No. 1:19-cv-243 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| ERIE COUNTY CHILDREN AND | ) | |
| YOUTH, TINA TROHOSKE, | ) | MEMORANDUM OPINION AND ORDER |
| AMY DALEY, and RALPH FERRIS, | ) | ON DEFENDANTS ERIE COUNTY |
| | ) | OFFICE OF CHILDREN AND YOUTH, |
| Defendants | ) | TRINA TROHOSKE, AND AMY |
| | ) | DALEY'S MOTION TO DISMISS |
| | ) | AMENDED COMPLAINT |
| | ) | [ECF No. 59] |
| | ) | |

MEMORANDUM OPINION AND ORDER

I.      Procedural Background

Plaintiff Maryann Petri (Petri), proceeding *pro se*, commenced this action alleging

violations of federal and state law by the Erie County Office of Children and Youth (OCY) and

two of its employees, Tina Trohoske (Trohoske) and Amy Daley (Daley) (collectively, the OCY

Defendants).  She also sued her former husband, Ralph Ferris (Ferris).

The OCY Defendants and Ferris filed motions to dismiss Petri's original Complaint.  ECF

Nos. 20, 29.  Ferris's Motion to Dismiss, ECF No. 29, filed pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), was granted because Ferris was not a state actor and thus not

amenable to a federal civil rights suit pursuant to 42 U.S.C. § 1983.[1]  ECF No. 46.  The federal

---

[1] Ferris moved for dismissal in part pursuant to Federal Rule 12(b)(1) based on lack of subject matter jurisdiction and
the Court granted the motion on that basis.  In hindsight, the Court believes dismissal of the claim against Ferris, while
correct, more appropriately should have been granted pursuant to Federal Rule 12(b)(6), for failure to state a claim.
*See Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991); *Obuskovic v. Wood*,
761 Fed. Appx. 144, 148 (3d Cir. 2019), cert. denied, 139 S. Ct. 2748, 204 L. Ed. 2d 1135 (2019).

claims against Ferris were dismissed with prejudice.  *Id.*  The state law claims against Ferris were dismissed without prejudice.  *Id.*  Ferris was subsequently terminated from the case.  ECF No. 80.[2]

The OCY Defendants' Motion to Dismiss, ECF No. 20, was granted and the claims against them dismissed, but without prejudice.  ECF No. 46.  Petri was permitted to file an amended complaint against the OCY Defendants addressing the identified shortcomings.  *Id.*  Petri has now filed an Amended Complaint.  ECF No. 52.

The OCY Defendants have filed the instant Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Brief in Support thereof.  ECF Nos. 59-60.  Petri has filed a Response.  ECF No. 63.  Pursuant to this Court's Order, ECF No. 99, the parties also filed supplemental briefs addressing the legal significance, if any, of Petri's voluntary discontinuance of a related state court action "with prejudice."  ECF Nos. 102, 104.[3]  The Motion to Dismiss is now ripe for disposition.[4]

II.     Standard and Scope of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief

---

[2] Petri filed an appeal from the order terminating Ferris.  ECF No. 86.  That appeal is pending in the United States Court of Appeals for the Third Circuit, although that Court has informed Petri that the appeal is jurisdictionally defective.  Case No. 21-1264, ECF No. 3-1.  While the timely filing of a notice of appeal normally immediately confers jurisdiction on a Court of Appeals, Petri's interlocutory appeal from a non-final order does not divest this Court of jurisdiction to adjudicate the instant motion.  *See Roudabush v. Bitener*, 722 Fed. Appx. 258, 262 (3d Cir. 2018) (citing *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985)).

[3] After reviewing the supplemental briefs and relevant exhibits, the Court agrees with the parties that the voluntary discontinuance in state court with prejudice was entered in such a manner that it does not prevent this case from proceeding in this Court.  Res judicata is an affirmative defense that the OCY Defendants have determined is not appropriate to raise based on the circumstances surrounding Petri's agreement to dismiss the state court action.

[4] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636.

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5
C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).   *See
also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   A complaint should only be dismissed pursuant to
Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its
face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley
v. Gibson*, 355 U.S. 41 (1957)).   In making this determination, the court must accept as true all
well-pled factual allegations in the complaint and views them in a light most favorable to the
plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss,
a complaint must provide more than labels and conclusions.   *Twombly*, 550 U.S. at 555.   A
"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,*
478 U.S. 265, 286 (1986)).   Moreover, a court need not accept inferences drawn by a plaintiff if
they are unsupported by the facts as set forth in the complaint.   *See California Pub. Employee Ret.
Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch.
Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).   Nor must the Court accept legal conclusions disguised
as factual allegations.   *Twombly*, 550 U.S. at 555.   *See also McTernan v. City of York,
Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of
the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the
following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state
> a claim.'  Second, the court should identify allegations that, 'because they are
> no more than conclusions, are not entitled to the assumption of truth.'
> Finally, 'where there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they plausibly give rise to
> an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).   This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling upon a motion to dismiss pursuant to Rule 12(b)(6), the court must "generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).   A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

III.    Analysis

   A.    Factual Allegations

In her Amended Complaint, Petri makes the following allegations.   During custody proceedings between Ferris and Petri concerning their four children, Ferris made false allegations of abuse against Petri.   ECF No. 52 at 1.   The OCY Defendants failed to conduct a proper investigation into these allegations and ultimately found that abuse was indicated. *Id.* at 1-2.   As a result, Petri lost her nursing license, her employment, and custody of her children; she also suffered two nervous breakdowns and a heart attack. *Id.*   The findings of abuse were later expunged. *Id.* at 1.

   B.    OCY/Erie County

This Court previously dismissed Petri's federal claim against OCY/Erie County, filed pursuant to 42 U.S.C. § 1983, on the basis that she had not alleged facts to support a finding that

the County maintained policies or customs that caused the alleged constitutional violation or pled a basis for concluding that municipal failures amounted to deliberate indifference.  ECF No. 46 at 9-10 (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978) and *Forrest v. Parry*, 930 F.3d 93, 101 (3d Cir. 2019) (supplying bases for municipal liability under 42 U.S.C. § 1983)).

In her Amended Complaint, Petri does not remedy the identified deficiencies.  The sole allegation she makes concerning OCY is that it did not sanction Trohoske and Daley for their actions with regard to Petri's case.  ECF No. 52 at 2.  The County's failure to sanction its employees after the fact in this single instance does not evidence that the County had an established policy or custom that led to Petri's injuries; further, it falls well short of evidencing a failure or inadequacy amounting to deliberate indifference to constitutional rights on the part of the County.

Because Petri failed to remedy the deficiencies upon which the Court based its original dismissal of the federal claim against OCY/Erie County, the claim will be dismissed again for the same reasons.  The Amended Complaint does not allege facts to support a plausible federal claim against OCY/Erie County.  The Motion to Dismiss will be granted as to this defendant.

C.     Trohoske and Daley

This Court previously identified Petri's Fourteenth Amendment claim against Trohoske and Daley as one of substantive due process based on what she claimed was an improper investigation into the allegations of abuse.  ECF No. 46 at 10-12.  The claim was dismissed on the following basis:

> To state a substantive due process claim, Petri must show that Trohoske and Daley abused their power in an arbitrary manner which "shocks the conscience."  *Id.* (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-48, 118 S. Ct. 1708, 140 L. Ed.2d 1043 (1998)).  Petri alleges an arbitrary interference with her right to parent her children.  *See, e.g., Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 147 L. Ed.2d 49 (2000).  Again, however, she has failed to state a claim.

Parents have "constitutionally protected liberty interests" in the "custody, care and management of their children." *Croft v. Westmoreland Cty. Children & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997). But here, Petri has failed to show that the state action depriving her of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)). Even considered in the light most favorable to Petri, her claims do not rise to this level.

What counts as "conscience shocking" is not always clear. *See Siefert v. Hamilton Cty.*, 951 F.3d 753, 766 (6th Cir. 2020) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[T]he measure of what is conscience shocking is no calibrated yard stick."). *See also Fetterman v. Westmoreland Cty. Children's Bureau*, No. 2:15-CV-773, 2015 WL 5007952, at *6 (W.D. Pa. Aug. 20, 2015) (citing *Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir.2006) ("The measure of what shocks the conscience is a legal question and there is no clear, calibrated standard"). What is clear, however, is that when a social worker acts to separate parents from their children, "the standard of culpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Hatfield v. Berube*, 2017 WL 2559635, at *12 (W.D. Pa. June 13, 2017), *aff'd*, 714 Fed. Appx 99 (3d Cir. 2017) (quoting *Miller v. City of Phila.*, 174 F.3d 368, 373 (3d Cir. 1999)).

The facts, as pleaded, do not rise to the level of conscience-shocking actions. Child protection agencies face difficult dilemmas in these situations and must balance the rights of both children and parents. *Fetterman*, 2015 WL 5007952, at *6. Thus, "[t]o override the parental interest, the state must have some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Croft*, 103 F.3d at 1126. Removal of a child from parental custody without reasonable suspicion to believe ongoing parental custody presents a threat to the child's health or safety constitutes an arbitrary abuse of government power. *Id.* But it is not sufficient for Petri to baldly contend, in hindsight, that Trohoske and Daley "did not conduct a proper investigation and only provided information that was provided by the biological father." ECF No. 2, p. 9. Rather, Petri needs to allege facts sufficient to establish that their actions were so faulty that they shock the conscience. For example, there has been no allegation that either Defendant acted despite having concrete knowledge that Ferris' information was false. Moreover, the allegations of the Complaint allege only negligence by the OCY Defendants. *See id.* p. 10 ("Count 1: Negligence"). As a matter of law, these allegations of negligence fall far short of the "shock the conscience" standard necessary to state a claim. *See, e.g., Fetterman*, 2015 WL 5007952, at *7.

ECF No. 46 at 12-14.

In her Amended Complaint, Petri does not set forth additional allegations to establish that the actions of Trohoske and/or Daley were so faulty that they shock the conscience. Petri merely reiterates her previous allegations that these defendants conducted an improper investigation and relied only on the reports of the children's father. ECF No. 52 at 2. Although Petri's Amended Complaint newly characterizes Trohoske and Daley's conduct as "deliberately refusing" to conduct a proper investigation, *id.*, she does not allege any facts to support this conclusion.

Because Petri failed to remedy the deficiencies upon which the Court based its original dismissal of the federal claims against Trohoske and Daley, these claims will be dismissed again for the same reasons. The Amended Complaint does not allege facts to support a plausible federal claim against Trohoske or Daley. The Motion to Dismiss will be granted as to these defendants.[5]

IV.    Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This Court granted Petri the opportunity to cure the deficiencies of her complaint, informing her at that time that subsequent amendments would likely not be permitted and that is was essential that she address the shortcomings identified. ECF No. 46 at 14. She failed to do so. The Court finds that further amendment would be futile. Accordingly, no leave to amend is granted.

V.    Conclusion

For the reasons discussed herein, the following order is entered:

---

[5] The Court will not reconsider its decision to decline to exercise supplemental jurisdiction over Petri's state law claims.

ORDER

AND NOW, this 4th day of June, 2021, IT IS HEREBY ORDERED that the Motion to

Dismiss Plaintiff's Amended Complaint filed by Erie County Office of Children and Youth, Tina

Trohoske, and Amy Daley, ECF No. 59, is GRANTED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge